UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID RUDDEN, | No. 2:22-cv-1837 DJC DB PS |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| RAYMOND GIOIOSA, | |
| Defendant. | |

  Plaintiff David Rudden is proceeding in this action pro se. This matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). On November 28, 2022, plaintiff requested entry of defendant's default. (ECF No. 7.) On December 1, 2022, the Clerk of the Court entered defendant's default. (ECF No. 8.) On April 10, 2023, the undersigned issued plaintiff an order to show cause due to plaintiff's failure to prosecute this action. (ECF No. 10.)

  On October 27, 2023, plaintiff filed a notice of change of address stating that any mail sent to plaintiff's "previous address after January 17, 2023, was not received." (Id. at 1.) The filing also included a declaration from plaintiff stating that plaintiff had "been combating a serious illness" but "resumed . . activities to prosecute this matter" and would "file a motion for entry of default judgment in the coming next week or so." (ECF No. 11-1 at 2.) Plaintiff, however, has not filed anything in this action since October 27, 2023.

1  Accordingly, on November 27, 2023, the undersigned issued an order to show cause,
2  ordering plaintiff to show cause in writing within fourteen days as to why this action should not
3  be dismissed for lack of prosecution. (ECF No. 12.) Plaintiff was warned that the failure to
4  timely comply with that order could result in a recommendation that this case be dismissed. (Id.
5  at 2.) The time provided plaintiff has passed and plaintiff has not responded to the November 27,
6  2023 order.

## ANALYSIS

The factors to be weighed in determining whether to dismiss a case for lack of prosecution are as follows: (1) the public interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendant; (4) the public policy favoring disposition on the merits; and (5) the availability of less drastic sanctions. Hernandez v. City of El Monte, 138 F.3d 393, 398 (9th Cir. 1998); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992); Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988). Dismissal is a harsh penalty that should be imposed only in extreme circumstances. Hernandez, 138 F.3d at 398; Ferdik, 963 F.2d at 1260.

Failure of a party to comply with the any order of the court "may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Local Rule 110. Any individual representing himself or herself without an attorney is nonetheless bound by the Federal Rules of Civil Procedure, the Local Rules, and all applicable law. Local Rule 183(a). A party's failure to comply with applicable rules and law may be grounds for dismissal or any other sanction appropriate under the Local Rules. Id.

Here, plaintiff failed to respond to the April 10, 2023 and November 27, 2023 orders. The November 27, 2023 order warned plaintiff that the failure to file a written response to that order could result in a recommendation that this matter be dismissed. In this regard, plaintiff's lack of prosecution of this case renders the imposition of monetary sanctions futile. Moreover, the public interest in expeditious resolution of litigation, the court's need to manage its docket, and the risk of prejudice to the defendant all support the imposition of the sanction of dismissal. Only the

public policy favoring disposition on the merits counsels against dismissal. However, plaintiff's failure to prosecute the action in any way makes disposition on the merits an impossibility. The undersigned will therefore recommend that this action be dismissed due to plaintiff's failure to prosecute as well as plaintiff's failure to comply with the court's orders. <u>See</u> Fed. R. Civ. P. 41(b).

## CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's amended complaint (ECF No. 4) be dismissed without prejudice; and

2. This action be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: April 5, 2024

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB/orders/orders.pro se/rudden1837.dlop.f&rs